[Circuit Court of Hamilton County.]

WOHLGEMUTH v. TAYLOR.

Decided, January 6, 1903.

Where a case is called for trial in its order on the calendar, and is dismissed at the costs of the plaintiff for lack of prosecution, the dismissal is a "judgment," and is reviewable on error.

JELKE, J.; SWING, J., concurs.

This cause was set below, called for trial in its order on the calendar and dismissed for lack of prosecution at the costs of the plaintiff. We are of opinion that the dismissal was a "judgment" and not an "order." The case of *Evans* v. *Iles,* 7 O. S., 234, is not in point. That was a case where defendant appeared in court only to make the motion and point out its want of jurisdiction, and secured an order of dismissal for want of proper service. Of course such an order could not be a judgment, the court not having the parties before it.

Here the parties were before the court by petition, service and answer. The case was reached for trial, the burden was on the plaintiff, defendant stood ready to meet him, plaintiff came not and the dismissal is an adjudication between the parties.

It is complained that there was irregularity in the setting, be that as it may, we do not decide, but the motion to vacate a "*judgment*" because of its rendition before the action regularly stood for trial can be made only in the first three days of the succeeding term and this was not done. See R. S., 5357.

This being so the court had no power in July, more than three months after, to disturb or suspend the judgment. The order of suspension affected a substantial right of defendant below within the provisions of R. S., 6707, and is reviewable in this court on error.

Case reversed.

*W. G. Williams,* for the motion.
*Stephens & Lincoln,* contra.